**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4899**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

ERIC WAYNE CALLIHAN,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   Thomas D. Schroeder, District Judge.  (1:08-cr-00321-TDS-1)

———————

Submitted:  July 15, 2010            Decided:  July 27, 2010

———————

Before WILKINSON, KING, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Bryan Gates, Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Wayne Callihan pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2006). Callihan appeals his sentence, contending that the district court erred in finding that he was an armed career criminal within the meaning of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006). We affirm.

Under the ACCA, a defendant is an armed career criminal and is subject to a fifteen-year mandatory minimum punishment if he violates 18 U.S.C. § 922(g)(1) and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). On appeal, Callihan argues that his three previous North Carolina convictions for felony larceny from the person are not violent felonies. A violent felony is one that is punishable by a term exceeding one year in prison and that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). We review de novo the district court's determination that a prior crime constituted a violent felony. United States v. Wright, 594 F.3d 259, 262-63 (4th Cir. 2010).

Callihan argues that his three North Carolina convictions for larceny from the person are not violent felonies within the meaning of 18 U.S.C. § 924(e)(2)(B) because the conduct associated with the crime is not violent and aggressive. Callihan further argues that the risk associated with the larceny from the person should not turn on the victim's reaction to the crime, but rather on the defendant's intent in committing the theft. We reject these challenges.

As an initial matter, we note that, because the language defining a violent felony in 18 U.S.C. § 924(e) is nearly identical to the language defining a crime of violence in U.S. Sentencing Guidelines Manual ("USSG") § 4B1.2(a) (2008), we look to our case law interpreting both sections when examining whether a prior crime involves conduct that presents a serious risk of physical injury to another. United States v. Rivers, 595 F.3d 558, 560 n.1 (4th Cir. 2010). We recently held that a conviction for larceny from the person under North Carolina law is a crime of violence within the meaning of USSG § 4B1.2(a) (2008). United States v. Jarmon, 596 F.3d 228 (4th Cir. 2010), petition for cert. filed, __ U.S.L.W. __ (U.S. May 25, 2010) (No. 09-11134). We reasoned that the conduct involved with the crime is the "type of purposeful, violent, and aggressive conduct that would support an inference that this offender would be more dangerous with a gun." Id. at 231. We also found that

3

larceny from the person created a risk similar to, if not greater than, generic burglary. <u>Id.</u> at 232-33 (noting that the risk of confrontation is greater when property is taken from a person's presence than when property is taken during a burglary, where the victim is often absent). Therefore, we conclude that the district court did not err in finding that Callihan's three North Carolina convictions for larceny from the person were violent felonies for purposes of the ACCA.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4